SAIBER LLC
18 Columbia Turnpike, Suite 200
Florham Park, New Jersey 07932
(973) 622-3333
Attorneys for Defendants
BNY Mellon Transfer, Inc., formerly known as
Dreyfus Transfer, Inc., incorrectly identified
as Dreyfus Co., and Wheeler Kearney
and Nancy Stebe

| | |
|---|---|
| Katharine Wang Lai,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Dreyfus Co. Mr. Wheeler Kearney, Ms. Nancy Stebe and ABC CO. (1-10) and John Doe (1-10) (a person, persons, Entity or Entities whose identify is presently unknown), and Law Offices of Brian Yang & Associates,<br><br>　　　　Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Hon.<br><br>Civil Action No.<br><br>NOTICE OF REMOVAL |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:

　　　　PLEASE TAKE NOTICE that defendants BNY Mellon Transfer, Inc., formerly known as Dreyfus Transfer, Inc., incorrectly identified as Dreyfus Co., and Wheeler Kearney and Nancy Stebe, by their attorneys, Saiber LLC, respectfully state:

　　　　1.　On or about June 13, 2019, plaintiff pro se Katharine Wang Lai filed a Complaint against defendants BNY Mellon Transfer, Inc., formerly known as Dreyfus Transfer, Inc.,

incorrectly identified as Dreyfus Co., and Wheeler Kearney and Nancy Stebe, among others, in the Superior Court of New Jersey, Law Division, Essex County, encaptioned <u>Katharine Wang Lai v. Dreyfus Co., Mr. Wheeler Kearney, Ms. Nancy Stebe and ABC Co. (1-10) and John Doe (1-10) (a person, persons, Entity or Entities whose identity is presently unknown), and Law Offices of Brian Yang & Associates</u>, Docket No. ESX-L-4454-19.  A copy of the Complaint is attached as Exhibit A.

   2. On July 19, 2019, defendants BNY Mellon Transfer, Inc., formerly known as Dreyfus Transfer, Inc., incorrectly identified as Dreyfus Co., received via hand delivery a Summons and a copy of the Complaint.  To its knowledge, no other process, pleadings or orders have been served upon it in this action.  Although defendants Wheeler Kearney and Nancy Stebe have not been served with the Summons and a copy of the Complaint, they are willing to treat service upon BNY Mellon Transfer, Inc., formerly known as Dreyfus Transfer, Inc., incorrectly identified as Dreyfus Co., as service upon them.

   3. Although the allegations in plaintiff's Complaint are difficult to understand, she apparently claims that defendants violated the United States Constitution, New Jersey Constitution, New Jersey Law against Discrimination, unidentified Civil Rights Discrimination laws, and 42 U.S.C. §§1981 and §1983

01406554.DOC

by allegedly (a) refusing to answer her questions via e-mails; (b) lying to her about the date a check was returned; and (c) hacking into her AOL e-mail account. As a result, she seeks $2,000,000 in damages, emotional distress damages and $40,000,000 payable to a foundation that she allegedly established.

4. This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331(a), and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1446 in that Counts 1, 2, 3 and 4 of the Complaint purport to allege violations of the United States Constitution and Count 5, 6, 7 and 8 of the Complaint purport to allege violations of 42 U.S.C. §§ 1981 and 1983 and other unidentified Civil Rights Discrimination statutes.

5. Because there is a common set of operative facts upon which all of plaintiff's claims are based, this Court has, and should exercise, supplemental jurisdiction under 28 U.S.C. § 1367(a) over the claims purportedly asserted in Counts 1, 2, 3 and 4 based upon the New Jersey Constitution and the New Jersey Law Against Discrimination, which are based on state law.

6. This Notice of Removal is filed with this Court within thirty (30) days after receipt by defendant BNY Mellon Transfer, Inc., formerly known as Dreyfus Transfer, Inc., incorrectly identified as Dreyfus Co., of the Summons and

01406554.DOC

Complaint in this action. As stated above, defendants Wheeler Kearney and Nancy Stebe have not been served but are treating the service of the Summons and a copy of the Complaint upon defendant BNY Mellon Transfer, Inc., formerly known as Dreyfus Transfer, Inc., incorrectly identified as Dreyfus Co., as service upon them.

7. Contemporaneous with their filing of the Notice of Removal, defendants BNY Mellon Transfer, Inc., formerly known as Dreyfus Transfer, Inc., incorrectly identified as Dreyfus Co., and Wheeler Kearney and Nancy Stebe have served a true and accurate copy of this Notice of Removal upon plaintiff *pro se* by certified mail/return receipt requested and regular mail at the address set forth on her Complaint, which is 45 Blackburne Terrace, West Orange, New Jersey 07052.

WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446, defendants BNY Mellon Transfer, Inc., formerly known as Dreyfus Transfer, Inc., incorrectly identified as Dreyfus Co., and Wheeler Kearney and Nancy Stebe respectfully request that this action be removed from the Superior Court of New Jersey, Law

01406554.DOC

Division, Essex County, to the United States District Court for the District of New Jersey, Newark Vicinage.

        SAIBER LLC
        Attorneys for Defendants
        BNY Mellon Transfer, Inc., formerly known as Dreyfus Transfer, Inc., incorrectly identified as Dreyfus Co., and Wheeler Kearney and Nancy Stebe

By: _____
      JAMES H. FORTE
      A Member of the Firm

Dated: August 6, 2019

01406554.DOC

**EXHIBIT A**

Katharine Wang Lai v. Dreyfus Co. et al ESX-L-004454-19 06/13/2019 Pg 1 of 6 Trans ID: LCV20191058720
Case 2:19-cv-16411-ES-SCM Document 1 Filed 08/06/19 Page 7 of 12 PageID: 7
Page 1 of 6
L01390

From: Kathy Lai &lt;lkathy98@aol.com&gt;
To: lkathy98 &lt;lkathy98@gmail.com&gt;
Subject: Katharine Wang Lai V. Dreyfus Co. et al
Date: Thu, Jun 6, 2019 5:36 pm

BATCH # 195 FILED 6/13/19
CHECK/RECEIPT # 192 AMT. 250

Katharine Wang Lai
45 Blackburne Ter.
West Orange, NJ 07052

---

Katharine Wang Lai

    Plaintiff

V

Dreyfus Co. Mr. Wheeler Kearney, Ms. Nancy Stebe
and ABC Co. (1-10) and John Doe (1-10)
( a person, persons, Entity or Entities whose identity
is presently unknown),

Law Offices of Brian Yang & Associates

    Defendants

Superior Court Of New Jersey

Essex County, Law Division

Docket No.

CIVIL ACTION

Complaint
Jury Demand, Certification R 4:5-1
Demand for production of Documents
R 4:18-1

JUN 13 2019 SUPERIOR COURT OF NEW JERSEY LAW DIVISION ESSEX VICINAGE FINANCE DIV RECEIVED

---

The Plaintiff, Katharine Wang Lai is a resident of West Orange Township County of Essex in New Jersey, by way of Complaint says:

1. Plaintiff was born with Cerebral Palsy, caused she cannot hold a pen like a normal person, and only has 1/3 of normal person's energy. has been doing business with Dreyfus Co. for over 30 yeas long, and have very good relationship with each other without any problem. Even if after she got a Stroke in 11 years ago and become an Aphasia patient, can only use email & fax to communicate with others well now.

She never need to tell anybody about she came from the best medical family & the best lawmakers family. She likes to read medical & laws news and got a lot of medical and legal rights knowledge from her family.

2. However, When Plaintiff trying to open 4 new Dreyfus Funds in 2017 for $80,000.- each and is in $320,000.- total amount. Upon information and belief via emails, all of the agents know she is a 70 years old, Chinese, woman, Born with C.P. caused her hands are shaking cannot hold a pen like the normal person and only have 1/3 of normal people's energy, got breast cancel in 2003, become an Aphasia patient in 10 years ago from a Stroke, nobody can understand her speech in English anymore can only use email fax to communicate with others well now.

Case 2:19-cv-16417-ES-SCM Document 1 Filed 08/06/19 Page 8 of 12 PageID: 28
ESX-L-004454-19 06/13/2019 Pg 2 of 6 Trans ID: LCV20191058720
Katharine Wang vs. Dreyfus Co. et al   Page 2 of 5

3. All the agents suddenly intentionally requested her to call them and refused to answer her questions via emails, even if the questions only need a Yes Or No for answers. Despite they all knew she has been doing business with Dreyfus Co. for over 30 years long already.

4. Later Ms. Stebe's 08/09/2018 letter to her even dared lied about Plaintiff's check # 105 in $320,000.- was returned to plaintiff on 01/ 03/2018. Also admitted Dreyfus even created postmaster@wellsfargo.com to hacked into plaintiff's email account from AOL.com

5. Dreyfus Co.'s agents thought she is the easiest target, dared to do such Unlawful Acts to stop her from opening 4 Dreyfus Funds for $80,000.- each as $320,000.- in total amount.

6. However, they never know that she was the first person with multiple disabilities from C.P.
earned degrees in 5,000 years of Chinese & world's History. Despite No school allowed a disabled child to enroll at over 70 years ago in Taiwan.

7. After she succeed for her own Real Estate Agency business in NJ. She used herself as the living proof to convinced President Chiang Jr. of Taiwan to eliminated all the Abusive, Discriminating Laws & Rules from passed 5,000 years of Chinese History to become new, fair, helpful & protective Laws & Rules for all the Disabled people at Taiwan in 1989. Due to she suffered from these old Laws & Rules in Taiwan for 22 years long. Thus, she even earned her Golden Eagle Award from Taiwan in 1990.

8. Then she set up Golden Eagle Foundation Inc. got IRS exempt organization permit no. as 223-403-272 and NJ state exempt organization permit no. as 223-403-272/000 to help all the Disabled Students, Abused Children and Battered Wives.

9. She always used her true abilities to help & saving other people. Only she could find out how Dreyfus Co. did all the Unlawful Acts to her. She demanded Dreyfus Co. must to set up a new policy to stop their agents' Unlawful Acts, she also demanded as below 8 Counts.

10. Therefore, defendants must submit to Court a copy of Law Offices of Brian Yang & Associates letter to Dreyfus Legal Dept. and their Correspondences records via emails and letters with Katharine Wang Lai herself also.

11. Suddenly Law Offices of Brian Yang & Associates refused to help Plaintiff to file this lawsuit to Court, Plaintiff had to sue them to Court as the Co-defendants together too.

### Count 1

Wherefore Plaintiff demands Judgment on this first count against all the proper defendants jointly, severally or in the alternative for pay $2,000,000.- for investment income loss since 10/16/2017, emotional distress has in the past and will in the future be caused to expend substantial sums of money for medical treatments damages fees to Katharine W Lai, and donated to GEF Inc. $40,000,000.- for Plaintiff's Civil Rights Discrimination damages, With the interest, cost of lawsuit and attorney fees, Plus punitive damages as an woman based on US & NJ Constitutions, NJ LAD law.

## Count 2

1. Plaintiff repeats and relleges all of the allegations contained in the first count hereof as if the same wereset forth herein at length.

Wherefore, plaintiff demands judgment on this second count against all the proper defendants jointly, severally or in alternative for pay $2,000,000.- for investment income loss since 10/16/2017, emotional distress has in the past and will in the future be caused to expend substantial sums of money for medical treatments damages fees to Katharine Wang Lai and donated to GEF Inc. $40,000,000.- for Plaintiff's Civil Rights Discrimination damages with interest, cost of lawsuit, attorney fees plus punitive damages as a Chinese based on US & NJ Constitutions, NJ LAD law.

## Count 3

1. Plaintiffrepeats and relleges all of the allegations contained in the 1st & 2nd counts hereof as if the same were set forth herein at length.

Wherefore, plaintiff demands judgment on this 3rd count against all the proper defendants jointly, severally or in alternative for pay $2,000,000.- for investment income loss since 10/16/2017, emotional distress has in the past and will in the future be caused to expend substantial sums of money for medical treatments damages fees to Katharine W Lai and donated to GEF Inc. $40,000,000.- for Plaintiff's Civil Rights Discrimination damages with interest, cost of lawsuit, attorney fees plus punitive damages as a Disabled person based on US & NJ Constitutions, NJ LAD law.

## Count 4

1. Plaintiff repeats and relleges all of the allegations contained in the 1st, 2nd, 3rd counts hereof as if the same were set forth herein length.

Wherefore, Plaintiff demands judgment on this 4th count against all the proper defendants jointly, severally or in alternative for pay $2,000,000.- for investment income loss since 10/16/2017, emotional distress has in the past and will in the future be caused to expend substantial sums of money for medical treatments damages fees to Katharine W Lai and donated $40,000,000.- to GEF Inc. for Plaintiff's Civil Rights Discrimination damages with interest, cost of lawsuit, attorney fees plus punitive damages as an old person based on US & NJ Constitutions, NJ LAD law.

## Count 5

1. Plaintiff repeats and relleges all of the allegations contained in the 1st, 2nd, 3rd, 4th counts hereof as if the same were set forth herein length.

Wherefore, Plaintiff demands judgment on 5th count against all proper defendants jointly severally or in alternative for pay $2,000,000.- investment income loss since 10/16/2017, emotional distress has in the past and will in the future be caused to expend substantial sums of money for medical treatments damages fees to Katharine W Lai and donated

$40,000,000.- to GEF Inc. for Plaintiff's Civil Rights Discrimination damages, with interest, cost of lawsuit, attorney fees, plus punitive damages based on 42 USC 1981

### Count 6

1 Plaintiff repeats and relleges all of the allegations contained in the 1st, 2nd, 3rd, 4th, 5th counts hereof as if the same were set forth herein

Wherefore, Plaintiff demands judgment on 6th count against all proper defendants jointly severally or in alternative for pay $2,000,000.- investment income loss since 10/16/2017, emotional distress has in the past and will in the future be caused to expend substantial sums of money for medical treatments damages fees to Katharine W Lai and donated $40,000,000.- to GEF Inc. for Plaintiff's Civil Rights Discrimination damages, with interest cost of lawsuit, attorney fees plus punitive damages based on 42 USC 1983.

### Count 7

1. Plaintiff repeats and relleges all of the allegations contained in the 1st, 2nd, 3rd, 4th, 5th, 6th counts hereof as if the same were set forth at length.

Wherefore, Plaintiff demands judgment on 7 th count against all proper defendants jointly, severally or in alternative for pay $2,000,000.- investment income loss since 10/16/2017, emotional distress has in the past and will in the future be caused to expend substantial sums of money for medical treatments damages fees to Katharine Wang Lai and donated $40,000,000.- to GEF Inc. for Plaintiff's Civil Rights Discrimination Damages with interest cost of lawsuit, attorney fees, plus punitive damages based on their REPEATEDLY FRAUDULENT ACTS.

### Count 8

1. Plaintiff repeats and relleges all of the allegations contained in the 1st, 2nd, 3rd, 4th, 5th, 6th, 7th counts hereof as if the same were set forth at length.

Wherefore, Plaintiff demands judgment on 8th count against all proper defendants jointly, severally, or in alternative for pay $2,000,000.- investment income loss since 10/16/2017, emotional distress has in the past and will in the future be caused to expend substantial sums of money for medical treatments damages fees to Katharine W Lai and donated $40,000,000.- to GEF Inc. for Plaintiff's Civil Rights Discrimination damages, with interest, cost of lawsuit, attorney fees plus punitive damages based on all defendants' repeatedly BULLY & Harassment ACTS.

All the rules and laws showed in above, Charge 3.30E and all other suitable laws & rules are my lawsuit can be granted for relief.

### Jury Demand

Plaintiff demand trial by jury on all issues herein contained.

### Certifications

I certify that above statements made by me are true. If I willfully made any false statement I am subject to punishment. I also certify that all issues in this complaint are not pending in any Civil Court.

Dated 06/06/2019

*Katharine Wang Lai* (signature)

Plaintiff, Katharine Wang Lai

**Appendix XII-B1**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: | ☐ CK ☐ CG ☐ CA |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Katharine Wang Lai | (973) 280-8206 | Essex |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| | |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 45 Blackburne Ter. | complaint |
| West Orange, NJ 07052 | |
| | JURY DEMAND  ■ YES  ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Katharine Wang Lai | Katharine Wang Lai V. Dreyfus Co. et al |

| CASE TYPE NUMBER (See reverse side for listing) 618,005 | HURRICANE SANDY RELATED? ☐ YES ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ■ NO |
|---|---|---|

IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

| RELATED CASES PENDING?  ☐ YES  ■ NO | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?  ☐ YES  ■ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)  ☐ NONE  ■ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?  ☐ YES  ■ NO | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain) ☐ FAMILIAL  ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ☐ YES  ☐ NO |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

JUN 1 3 2019

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?  ■ YES  ☐ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION walker |
|---|---|
| WILL AN INTERPRETER BE NEEDED?  ■ YES  ☐ NO | IF YES, FOR WHAT LANGUAGE? Chinese Mandarin |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: *Kath. Wong Lai*

Effective 05/16/2019, CN 10517 — page 1 of 2