**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KATHARINE WANG LAI,**<br><br>           Plaintiff,<br><br>           v.<br><br>**DREYFUS CO.,** *et al.***,**<br><br>           Defendants. | Civil Action No. 19-16417 (ES) (SCM)<br><br>OPINION & ORDER |

**HAYDEN, DISTRICT JUDGE**

Before the Court are two letters filed by *pro se* plaintiff Katharine Wang Lai ("Plaintiff") following the dismissal of all claims with prejudice and the closing of this case. (D.E. Nos. 17 & 18.) As with some of Plaintiff's previous submissions, the purpose of the communications is not entirely clear, and so the Court construes them broadly. The first letter contains several email communications and appears to contain a reply in support of Plaintiff's now moot motion for summary judgment (D.E. No. 14). (D.E. No. 17). The second letter incorporates portions of the first letter and, construed broadly, contains a request that the Court reconsider its June 24, 2020 Letter Order granting Defendants' motion to dismiss the complaint with prejudice (D.E. No. 16). (D.E. No. 18.) Plaintiff appears to base her request for reconsideration on her newly filed reply in support of summary judgment, among other reasons. In order to entertain Plaintiff's request, the Court will order the Clerk to reopen this case. For the following reasons, Plaintiff's request for reconsideration will be DENIED, and the Clerk will be ordered to re-close the case.

"A motion for reconsideration may be treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment or order under

1

Federal Rule of Civil Procedure 60(b), or it may be filed pursuant to Local Civil Rule 7.1(i)." *Barney v. D'Illio*, No. 15-0057, 2016 WL 80637, at *2 (D.N.J. Jan. 6, 2016). The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999). But reconsideration is an extraordinary remedy that should be granted "sparingly." *Martinez v. Robinson*, No. 18-1493, 2019 WL 4918115, at *1 (D.N.J. Oct. 4, 2019). Moreover, a motion for reconsideration "may not be used to relitigate old matters, raise new arguments, or present evidence or allegations that could have been raised prior to entry of the original order." *Martinez*, 2019 WL 4918115, at *1; *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (noting that reconsideration may not be "used as an opportunity to relitigate the case"). "Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through." *Walsh v. Walsh*, No. 16-4242, 2017 WL 3671306, at *1 (D.N.J. Aug. 25, 2017), *aff'd*, 763 F. App'x 243 (3d Cir. 2019). As such, a motion for reconsideration may only be granted if the moving party shows at least one of the following grounds: (i) an intervening change in the controlling law; (ii) the availability of new evidence that was not available when the court granted the motion; or (iii) the need to correct a clear error of law or fact or to prevent manifest injustice. *Quinteros*, 176 F.3d at 677.

      Plaintiff's request fails to meet the exacting standard required to grant a motion for reconsideration. Plaintiff does not point to an intervening change in the controlling law or to newly uncovered evidence that was not previously available to her. (*See generally* D.E. No. 18.) Plaintiff also plainly fails to show the need to correct any clear error of law or fact, or to prevent any manifest injustice. Rather, Plaintiff's chief complaint appears to be that the Court did not wait to consider her reply brief in further support of her improperly filed summary judgment motion.

(D.E. No. 18 at 1.)  But the Court's Letter Order decided the Defendants' motion to dismiss, not the summary judgment motion.  The summary judgment motion was denied as moot, because the case was dismissed based on Plaintiff's failure to state a claim.  (*See* D.E. No. 16 at 3.)  Thus, whether Plaintiff had the opportunity to file a reply to her summary judgment motion is irrelevant.  And in any event, the arguments presented in the reply (D.E. No. 17) would not have changed the outcome of the motion to dismiss.  Plaintiff's other arguments do nothing more than state disagreement with the Court's decision and with Defendants' motion to dismiss.  (*See* D.E. No. 18 at 1 (claiming that defense counsel lied about Plaintiff's complaint failing to state a claim); *id.* ("I indeed stated all the relief can be granted by [the] Court")).  But a mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law.  *Schmidt v. Wells Fargo Bank, N.A.*, No. 17-1708, 2019 WL 1082716, at *1 (D.N.J. Mar. 7, 2019).  In short, because there is no basis in fact or law to support Plaintiff's request for reconsideration, the request is DENIED.

      Accordingly, IT IS on this 21st day of September 2020,

      **ORDERED** that the Clerk of Court reopen this matter by making a new and separate entry on the docket reading "CIVIL CASE REOPENED"; and it is further

      **ORDERED** that Plaintiff's request for reconsideration (D.E. No. 18) is DENIED; and it is further

      **ORDERED** that after entering this Opinion & Order, the Clerk of Court re-close this case

      /s/ Katharine S. Hayden  
      Katharine S. Hayden, U.S.D.J.